IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tonya R. Chapman, | ) | C/A No. 6:16-cv-03712-TMC-KFM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Greenville SC United States Postal Service, | ) ) | |
| Defendant. | ) ) ) | |

The plaintiff, proceeding *pro se*, brings this civil action against the United States Postal Service ("USPS"). The plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## BACKGROUND

The plaintiff states that she purchased certified and restricted mail delivery; however, she did not receive "correct delivery of the service she purchased" (doc. 1 at 5). She asserts that USPS claims that it has the client's signature but the plaintiff has not received it (*id*.). The plaintiff alleges that the amount in controversy is $395,000; she states in the relief section of the complaint, "Demand letter has been sent to defendant. Defendants have reply to rec[ei]ve demand letter" (*id*.).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Generally, under the principle of sovereign immunity, individuals may not sue the United States or its agencies, including USPS, without their consent. *Global Mail Ltd. v. U.S. Postal Serv.,* 142 F.3d 208, 210 (4th Cir.1998). However, the Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States in certain situations where injuries are caused by the negligent acts of governmental employees while acting

in the scope of their employment. *See* 28 U.S.C. §§ 1346.  Under the Postal Reorganization Act of 1970, 39 U.S.C. §§ 101 *et seq.,* the FTCA applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c).

Although the FTCA may waive sovereign immunity for certain tort claims arising out of the activities of USPS, "it is axiomatic that waivers of sovereign immunity are not necessarily total." *Global Mail Ltd.,* 142 F.3d at 211.  Explicitly excluded from the FTCA's waiver of immunity are claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  The Supreme Court has explained that the United States's sovereign immunity is not waived for claims based on the "failings in the postal obligation to deliver mail in a timely manner to the right address . . . ."  *Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 487 (2006).  The present action is clearly based on the plaintiff's failure to receive mail.  Therefore, the plaintiff's claims are barred by 28 U.S.C. § 2680(b).  Further, the United States is the only proper defendant in a suit brought under the FTCA; thus, USPS is not a proper party to this action.  *See Miller v. United States,* 710 F.2d 656, 657, n. 1 (10th Cir. 1983).[1]

---

[1] It appears that the plaintiff may be attempting to allege diversity jurisdiction as well as federal question jurisdiction (*see* doc. 1 at 2–3 (listing the defendant's address in South Carolina and checking the box for "diversity of citizenship").)  However, an action against USPS cannot be maintained under diversity jurisdiction. *Wheeler v. U.S. Postal Serv.*, 2011 WL 5101945, at *3 (E.D. Cal. Oct. 25, 2011) ("[A] federal agency, such as the USPS, is not a citizen of any state for purposes of diversity jurisdiction.").

3

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

December 1, 2016                                             s/ Kevin F. McDonald
Greenville, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).