IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tonya R. Chapman, | ) | |
| | ) | Civil Action No. 6:16-3712-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Greenville SC United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action against the Greenville United States Postal Service pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C §1346.  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., these matters were referred to a magistrate judge for pretrial handling.  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the dismiss Plaintiff's action without prejudice and without issuance and service of process.  (ECF No. 10).  Plaintiff was advised of her right to file objections to the Report (ECF No. 10 at 5), and she has filed timely objections.  (ECF No. 14).

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects.  *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge.  *Id*.

In his Report, the Magistrate Judge found that "[e]xplicitly excluded from the FTCA's waiver of immunity are claims 'arising out of the loss, miscarriage, or negligent transmission of

1

letter or postal   matter.' " (Report at 3)(citing 28 U.S.C. § 2680(b)).  In her objections, Plaintiff merely reiterates her claim, but she  does not address these exclusions from the FTCA's waiver of immunity.

As the United States Supreme Court explained in *Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006), sovereign immunity under the FTCA is not waived for claims based on the "failings in the postal obligation to deliver mail in a timely manner to the right address . . . . " *Id.* at 487. Plaintiff's claims are clearly based on the failure to receive mail. Therefore, Plaintiff's claims are barred by 28 U.S.C. 2680(b).  In addition, as the Magistrate Judge also notes, because the United States is the only proper defendant in a suit brought under the FTCA,  *Miller v. United States*, 710 F.2d 656, 657, n.1 (10th Cir.1983), the United States Postal Service is not a proper party to this action.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 10) and incorporates it herein.  Accordingly, Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

  **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 2, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.